**Da–Suh YEH, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Department of Justice, Respondent.**

No. 04–6605–AG.

United States Court of Appeals, Second Circuit.

April 17, 2006.

Khagendra Gharti–Chhetry, New York, New York, for Petitioner.

Rodger A. Heaton, United States Attorney for the Central District of Illinois; Patrick D. Hansen, Assistant United States Attorney, Springfield, Illinois, for Respondent.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.    Gonzales is automatically substituted for former Attorney General John Ashcroft.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Da–Suh Yeh, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

In this case, despite several flaws in the IJ's analysis, the adverse credibility finding was supported by substantial evidence. It was proper for the IJ to rely on Yeh's failure to mention, prior to the hearing, that his wife had been interrogated regarding Yeh's father's involvement in Falun Gong, because it involved "the heart of the asylum claim," *cf. Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003) (citing *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002)), and was not a "minor and isolated" disparity *cf. id.* (citing *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000)). Although the IJ confused Yeh's explanation for this omission with another part of Yeh's testimony, this oversight is not dispositive, as the IJ would not have been compelled to accept the explanation Yeh gave for the omission. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005) (stressing that a petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must show that the fact-finder would be compelled to credit his testimony).

Moreover, the IJ's dubious reliance on the fact that the abortion certificate submitted by Yeh did not indicate on its face that the abortion had been involuntary, and thus illegal, and his factually incorrect finding that Yeh had not testified as to any fear stemming from the authorities' suspicions of Yeh's or his father's involvement in Falun Gong, do not overcome the other substantial evidence in support of the adverse credibility finding. This evidence includes the inconsistency between Yeh's testimony and the letter from Yeh's wife's aunt and the implausibility of Yeh's fear that he would be persecuted for his father's practice of Falun Gong in light of his testimony that his wife had been left alone by authorities after her initial interrogation. Because of this evidence, we can state with confidence that the same decision would be made on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161–63 (2d Cir.2006).

Because the only evidence of a threat to Yeh's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003). Additionally, because the record supports the IJ's determination that Yeh failed to testify credibly with respect to the specific facts upon which his asylum, withholding of removal, and CAT claims were based, denial of CAT relief was proper. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005) (upholding denial of CAT relief based on adverse credibility determination with respect to specific fact upon which CAT claim premised).

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).